**Wacks & Hartmann, LLC**
Attorneys at Law
55 Madison Avenue, Suite 320A
Morristown, NJ 07960-7397
Telephone: (973) 644-0770
Attorney of record: Philip D. Stern
Attorneys for Plaintiff, Mark A. Apostolou

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK A. APOSTOLOU,<br><br>     Plaintiff,<br><br>vs.<br><br>REDLINE RECOVERY SERVICES, LLC, a Georgia Limited Liability Company,<br><br>     Defendant. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT** |

Plaintiff, Mark A. Apostolou, by way of Complaint against the Defendant, says:

### I.  PARTIES

1. MARK A. APOSTOLOU ("APOSTOLOU") is a natural person who, at all times relevant to this complaint, resided in, and is a citizen of, the Township of Livingston, Essex County, New Jersey.

2. At all times relevant to this complaint, REDLINE RECOVERY SERVICES, LLC ("REDLINE") is a Georgia for-profit Limited Liability Company, which is registered as a foreign business entity in the State of New

pds1496

Jersey, and whose principal place of business is located at 1465 Sanctuary Parkway, Suite 350, Alpharetta, Georgia.

## II.  JURISDICTION & VENUE

3.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4.  Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because REDLINE resides in the State of New Jersey within the meaning of 28 U.S.C. § 1391(b) and (c).

## III.  PRELIMINARY STATEMENT

5.  APOSTOLOU brings this action for the illegal practices of REDLINE who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from APOSTOLOU. APOSTOLOU alleges that the REDLINE's conduct violated, *inter alia*, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

6.  The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss

of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

7. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950 F.2d 107, 111, fn5 (3d Cir. 1991).

8. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

9. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection

pds1496

conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

10. APOSTOLOU seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

### IV.  FACTS REGARDING APOSTOLOU

11. Sometime prior to March 5, 2008, APOSTOLOU allegedly incurred a financial obligation to Capital One ("Capital One Obligation").

12. The Capital One Obligation arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

13. Defendants contend that APOSTOLOU defaulted on the Capital One Obligation.

14. The Capital One Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

15. APOSTOLOU is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. APOSTOLOU is informed and believes, and on that basis alleges, that sometime prior to March 5, 2008, the creditor of the Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to REDLINE for collection.

17. REDLINE collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

18. REDLINE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

19. Within the one year immediately preceding the filing of this complaint, REDLINE contacted APOSTOLOU via telephone in an attempt to collect the Obligation.

20. Within the one year immediately preceding the filing of this complaint, Apostolou received at least one "live" telephonic voice messages ("Messages") on his cellular voicemail system.

21. By way of example, on May 20, 2008, APOSTOLOU received a Message, the recording of which is embedded in the electronic filing of this complaint and can be heard by clicking *here*, and which is transcribed as follows:

> This message is for Mark, last name is A-P-O-S-T-O-L-O-U. This is Ms. Blunt, I need you to give me a call. The phone number to reach me is 1-866-489-3840; extension is 4085. I will be at the office today until, 4:30 p.m. Central Standard Time.

pds1496

22. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. Each of the Messages was left by persons employed by REDLINE.

24. Each of the Messages failed to identify REDLINE by its name as the caller.

25. Each of the Messages failed to disclose that the communication was from a debt collector.

26. Each of the Messages uniformly failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

27. Each of the Messages is false, deceptive, and misleading in that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated consumer and other persons in violation of the FDCPA.

## .  FIRST CAUSE OF ACTION

28. APOSTOLOU realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

29. REDLINE violated the FDCPA. REDLINE's violations include, but are not limited to, the following:

    (a) Placing telephone calls without providing meaningful disclosure of REDLINE's identity as the caller in violation of 15 U.S.C. § 1692d(6); and

  (b)  Failing to disclose in the Messages that REDLINE is a debt collector in violation of 15 U.S.C. § 1692e(11).

## VI.  PRAYER FOR RELIEF

30. WHEREFORE, APOSTOLOU respectfully requests that the Court enter judgment in his favor as follows:

  A.  An award of the maximum statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A); and

  B.  Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3); and

  C.  For such other and further relief as may be just and proper.

              **WACKS & HARTMANN, LLC**

Dated: May 19, 2009        */s/ Philip D. Stern*
                PHILIP D. STERN
             Attorneys for Plaintiff, Mark A. Apostolou